Keith Altman, Esq. (CBN. 257309)
**THE LAW OFFICE OF KEITH ALTMAN**
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
Email: keithaltman@kaltmanlaw.com

*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

**HEATHER HADNOT as Natural Parent and *General Guardian* for D.D. her minor son,**

**                    *PLAINTIFFS*,**

**v.**

**YUCAPIA-CALIMESA JOINT UNIFIED SCHOOL DISTRICT, in its official capacity, MICHAEL SIALANA, in his individual capacity, KEVIN LEWIS, in his individual capacity, and DOES 1-20, inclusive.**

**                    *DEFENDANTS*.**

**Case No.: 5:23-cv-118**

## <u>COMPLAINT</u>
## <u>JURY TRIAL DEMAND</u>

## I.   INTRODUCTION

This is an action arising from abuse through school security officers, staff and administration occurring at Yucaipa High School in the Yucaipa-Calimesa Joint Unified School District. Plaintiff is seeking damages for Defendants' violation of due process, racial discrimination and an illegal search and seizure. Defendants are also responsible for breach of contract, false imprisonment, negligence, negligent infliction of emotional distress and bodily injury.

## II.   PARTIES

1.     D.D. ("Plaintiff") is a student at Yucaipa High School, located in Yucaipa, California, and part of the Yucaipa-Calimesa Joint Unified School District. Plaintiff at all times material to this litigation has been, and is presently, a minor child.

2.     The Complaint is filed by and through his mother, Heather Hadnot ("Hadnot"), with consent of D.D., pursuant to Federal Rule of Civil Procedure 17 (c)(1)(A).

3.     Defendant Yucaipa-Calimesa Joint Unified School District ("YCJUSD") is a public school district located in the City of Yucaipa, County of San Bernardino, in California. Yucaipa High School is a school within YCJUSD.

4.     Defendant Michael Sialana ("Sialana") was employed by YCJUSD at all times relevant to this litigation. Sialana is a citizen of the State of California.

5.     Defendant Kevin Lewis ("Lewis") was employed by YCJUSD at all times relevant to this litigation. Lewis is a citizen of the State of California.

6.     Doe Defendants 1-20 ("Doe Defendants") are employees or agents of Defendant YCJUSD that caused harm to Plaintiffs subject of this lawsuit. At this time, their names and whereabouts are unknown.

## III.     JURISDICTION & VENUE

7.     This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

8.     In accordance with 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's state law claims.

9.     Defendant YCJUSD conducts business within the State of California.

10.     The other Defendants on the grounds that they were employees of YCJUSD at all relevant times herein and personally violated certain rights and policies, the effects of which were felt in the State of California.

11.     Venue in this action is properly in the Central District of California because the events relevant to this action occurred primarily within the geographical confines of the Central District of California.

## IV.     FACTUAL ALLEGATIONS

12. At all times relevant to this litigation, D. D. has been a student at Yucaipa High School ("Yucaipa") within the YCJUSD.

13. From the start, D.D. has been targeted due to his status as a racial minority within Yucaipa.

14. D.D. is of mixed African American and Caucasian decent.

15. Yucaipa has a Non-Discrimination policy which states in pertinent part: "Yucaipa High is committed to providing an equal opportunity for all individuals in education. District programs, activities, and practices shall be free from unlawful discrimination, including discrimination against an individual or group based on race, color, ancestry, nationality, national origin"

16. In August 2022, the targeting went so far that D.D. was called "Nigga" while being detained by Yucaipa staff.

17. On the morning of August 24, 2022, D.D. was in the hallway speaking with two students of Caucasian decent on their way to their first hour class.

18. Yucaipa security guard known as "Big Mike" approached D.D. and the group of students.

19. Defendant Sialana approached from behind D.D., grabbing D.D. by the backpack and forcefully pulled him backwards.

20. D.D. did not hear to see Defendant Sialana approaching prior to being grabbed and forcefully pulled backwards.

21.    Upon being pulled, D.D. asked what Defendant Sialana was doing and why he had been grabbed.

22.    Defendant Sialana responded stating "when I call you come".

23.    At no time had Defendant Sialana called D.D. by name, or any other way, prior to the physical contact by Defendant Sialana.

24.    Defendant Sialana continued to pull D.D. by his backpack to the securities golf cart located some yards away.

25.    D.D. experienced sharp pains in his arm as a result of being forcefully drug down the hallway.

26.    Once Defendant Sialana had successfully pulled D.D. to the securities golf cart, Defendant Sialana affirmatively told D.D. to "sit down Nigga".

27.    D.D. was confused and embarrassed about being targeted and drug down the hallway in front of his peers.

28.    D.D.'s backpack was removed from his person and placed in the golf cart.

29.    Two additional security guards were in the vicinity and failed to take action to protect D.D. from the actions of Defendant Sialana.

30.    Defendant Sialana escorted D.D. to the principal's office where he was subject to a pat down and his person and belongings were searched as a result of Defendant Sialana's targeting.

31.    At no time was D.D. accused of, or found guilty of, any wrongdoing.

32.     Yucaipa failed to notify Hadnot of the search of D.D. in direct violation of Yucaipa policy and procedures.

33.     D.D. had increasing anxiety throughout first, second and third hour due to fear or repeat targeting.

34.     As the anxiety increase, D.D. thought it imperative to call his mother, Hadnot, to inform her of what had occurred and sought a hall pass to proceed to the office.

35.     The Yucaipa school secretary asked D.D. why he needed to call home and when D.D. informed her the secretary responded by stating "do you want his [Sialana] head on a steak?".

36.     Hadnot proceeded to the school and upon arrival was told by Defendant Lewis, the assistant principal, that D.D. had been stopped by Defendant Sialana due to suspicious activity.

37.     Defendant Lewis was unable to provide Hadnot with the suspicious activity for which D.D. had been targeted.

38.     Defendant Lewis stated that D.D. fit the description of those involved in the unidentifiable suspicious activity.

39.     D.D. if one of only a handful of students of African American decent.

40.     D.D. is the only African American student with a light complexion.

41.     D.D. was not involved in any suspicious activity, and further would not have fit the description of another student involved in suspicious activity.

42.     D.D. suffered and continues to suffer emotional distress due to the actions of the Defendants.

43.     As a result of Defendants actions Plaintiff transferred schools in order to get away from the discrimination and retaliation further.

44.     YCJUSD and its employees were put on notice about the impending litigation on October 3, 2022.

## RESPONDAET SUPERIOR AND AGENCY

45.     Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

46.     Under Federal and California law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of the employer.

47.     At all times relevant to this action, all individual Defendants were employed by the YCJUSD. Some of their acts and omission relevant to this litigation were undertaken within the scope of their employment with YCJUSD.

48.     At the time of this Complaint, only the individual Defendants themselves are aware of the exact role that each individual Defendant played in the events that are the subject of the lawsuit. For this reason, only the individual Defendants know at which times each Defendant acted in a manner that exceeded the scope of their duties in their official

capacities and at which each Defendant acted in a manner that was within the scope of their duties in their official capacities.

## V.    CAUSES OF ACTION

## COUNT ONE – RACIAL DISCRIMINATION UNDER TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

49.    Plaintiff restates each and every allegation set forth in the proceeding paragraphs of this Complaint as fully set out herein.

50.    Title VI of the Civil Rights Act of 1964 (20 U.S.C. §§ 2000d) states in pertinent part "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance".

51.    At all times herein mentioned Defendant Yucaipa was a public school that received federal financial assistance.

52.    Thus, Defendant Yucaipa is a recipient of Federal financial assistant for purposes of Title VI of the Civil Rights Act of 1964, 20 U.S.C. §§ 2000d.

53.    Accordingly, school staff behavior during any activities organized through the school, including classes or other activity falls under the ambit of Title VI of the Civil Rights Act of 1964.

54.     Any and all behavior of school staff that causes discrimination on the basis of race during any school related activity is prohibited under Title VI of the Civil Rights Act of 1964.

55.     Defendant Sialana violated Plaintiff's rights under Title VI of the Civil Rights Act of 1964 when, having awareness of Plaintiff's race, he undertook the following actions against Plaintiff while he was a student during the 2022-2023 school year:

    i.    Defendant Sialana targeted Plaintiff for suspicious activity without any basis for such action.

   ii.    Defendant Sialana forcefully grabbed Plaintiff by the backpack and drug him to the securities cart, some distance away causing harm.

  iii.    Defendant Sialana made racial fueled remarks to Plaintiff when he told him to "sit down Nigga". The language was used against Plaintiff on the basis of his race.

56.     Defendant Lewis further violated Plaintiff's rights under Title VI of the Civil Rights Act of 1964, when he failed to initiate any disciplinary proceedings against Defendant Sialana after Plaintiff made him aware of Defendant Sialana's racially charged remarks.

57.     Defendant Yucaipa violated Plaintiff's rights under Title VI of the Civil Rights Act of 1964 by enabling a work environment whereby Defendant Sialana felt empowered to make racially charged remarks.

58.     As a direct and proximate result of Defendants' unlawful discrimination Plaintiff has sustained and continues to sustain emotional injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

8

(a)     Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)     Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

**COUNT TWO – VIOLATION OF DUE PROCESS UNDER 42 U.S.C. § 1983**

59.    Plaintiff restates each and every allegation set forth in the proceeding paragraphs of this Complaint as fully set out herein.

60.    The Fifth and Fourteenth Amendments of the U.S. Constitution provide, in pertinent part, that "no person shall be deprived of life, liberty, or property without due process of law." Where a "real nexus exists between the activity out of which the violation occurs and the teacher's duties and obligations, then the teacher's conduct is taken under color of state

law." W.H. v. Olympia Sch. Dist., No. C16-5273 BHS, 2017 U.S. Dist. LEXIS 164766 (W.D. Wash. Oct. 4, 2017).

61.    School children have a liberty interest in their bodily integrity protected by the Due Process Clause of the Fourteenth Amendment.

62.    Physical abuse by a school employee violates that right.

63.    As such, Defendants violated D.D.'s right to bodily integrity by harming him.

64.    Defendants were giving the impression to act in their role as school employees, therefore acting under the color of law.

65.    Defendants are persons working with children on a daily basis were aware that D.D. was entitled to a liberty interest in bodily integrity.

66.    D.D. as been denied his due process rights by Defendants in violation of the Fifth and Fourteenth Amendments in that:

       a.  Defendant Sialana forcefully grabbed him by the backpack, attached to D.D.'s body, resulting in pain to D.D's arm.

       b.  Defendant Sialana when they failed to inform D.D.'s mother of the incident throughout the school day, subjecting D.D. to further emotional distress

67.    Plaintiff has a clearly established constitutionally protected property interest in his education at Yucaipa High School.

68.    D.D. was not given the opportunity to present any meaningful defense on his own behalf prior to the illegal search.

69.    As a direct and proximate result of Defendants actions, Plaintiff has suffered bodily harm.

70.    As a direct and proximate result of Defendants actions, Plaintiff has suffered and continues to suffer severe emotional distress.

71.    The actions of Defendants violated the provisions of 42 U.S.C. §1983 in that they knowingly and willfully violated the civil rights of Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)    Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)    Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)    Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

## COUNT THREE - BATTERY

72.     Plaintiff restates each and every allegation set forth in the proceeding paragraphs of this Complaint as fully set out herein.

73.     School district employees can be held liable in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily harm to students.

74.     Defendant Sialana used excessive force on D.D. on August 24, 2022, when he forcefully grabbed D.D. by his backpack on this body and dragged him by the backpack with such unprovoked force and aggression that D. D. suffered pain.

75.     Defendant Sialana undertook each act with the purpose of producing such contact in their attempts to wrongfully restrain D. D. through such contact.

76.     Defendant Sialana knew with a substantial certainty through their experience and training as school administrators, as well as general life experience, that their acts would result in harmful contact.

77.     Defendants' actions were threatening to Plaintiff and resulted in bodily injury to Plaintiff.

78.     Defendants knowingly acted with physical force that caused direct injury to Plaintiff.

79.    As a direct and proximate result of Defendants' actions, D. D. has suffered and bodily harm as well as severe emotional distress.

80.    Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

81.    Students have an "inalienable right to attend campuses which are safe, secure, and peaceful." Cal. Const. Art. I § 28(f)(1).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)    Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)    Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)    Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)    Grant such other and further relief as justice requires.

**COUNT FOUR – FALSE IMPRISONMENT**

82.    California law requires that school districts and personnel carefully supervise students while they are on school premises, and districts may be held liable for injuries caused by the failure to exercise such care. Cal. Ed. Code § 44807.

83.    Defendant Sialana used excessive force on D. D. on August 24, 2022, when he handled D.D. with such unprovoked force and aggression that D.D. sustained injuries

84.    Defendants committed all four elements of false imprisonment: D.D. was intentional confined; D.D. was confined against their consent and without lawful authority; D.D. was aware he was confined; and D.D. did not know how or if it was possible to escape.

85.    Defendant Sialana willfully detained D.D. and physically stopped D.D. from leaving Defendant Sialana's retention of D.D.

86.    Defendant Sialana willfully detained D.D. and physically stopped D.D. from leaving the office while the illegal search took place.

87.    D.D. did not consent to being held in Defendant Sialana's custody and let Defendants Sialana and Lewis know through his words and actions.

88.    Defendants Sialana and Lewis unlawfully detained D.D.

89.    Defendants Sialana and Lewis are not law enforcement officers and do not have any other basis for detaining D.D. against his will.

90.    As a direct and proximate result of Defendants' actions, D.D. has suffered bodily harm.

91.   As a direct and proximate result of Defendants; actions, D.D. has suffered and continues to suffer severe emotional distress.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)   Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)   Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)   Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)   Grant such other and further relief as justice requires.

### COUNT FIVE – NEGLIGENCE

92.   Plaintiff restates each and every allegation set forth in the proceeding paragraphs of this Complaint as fully set out herein.

93.     Defendant Sialana owed Plaintiff a duty of reasonable care. In conformity with his duty of reasonable care, Defendant Sialana:

   a.     Had a duty to not discriminate against Plaintiff that Defendant Sialana knew or should have known that his actions discriminated against Plaintiff's African American heritage.

   b.     Had a duty not to cause physical harm to Plaintiff that Defendant Sialana knew or should have known that his actions would cause physical harm to Plaintiff.

94.     DOE Defendants owed Plaintiff a duty of reasonable care.  In conformity with his duty of reasonable care, DOE Defendants:

a.     Had a duty not to discriminate against Plaintiff that DOE Defendants knew or should have known that his actions discriminated against Plaintiff's African American heritage.

b.     Had a duty not to cause physical harm to Plaintiff that DOE Defendant knew or should have known that his actions would cause physical harm to Plaintiff.

95.     The actions of the DOE Defendants were negligent in a manner that will be determined through the course of litigation.

96.     As a direct and proximate result of Defendant Sialana's actions, Plaintiff suffered damages in the form of emotional injury and humiliation.

   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

      (a)     Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish,

and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)     Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

## COUNT SIX – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

97.     Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

98.     Under § 22.0511(a) of the Texas Education Code, school district employees can be held liable "in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily harm to students."

99.     Defendants committed all four elements of intentional infliction of emotional distress: Defendants acted with intent; Defendants' conduct was extreme and outrageous;

Defendants' conduct caused the Plaintiff emotional distress; and Plaintiff's emotional distress was severe.

100.   The individual Defendants used excessive force in the detention of E. K., leading to mental and physical injuries.

101.   Defendants' intentional actions of abuse by Defendants Young and Bryant caused E. K. extreme emotional distress.

102.   Defendants' intentional actions of refusal to notify her mother by Defendant Wilhelm and Doe Defendants caused E. K. extreme emotional distress.

103.   Defendants' could see the impact their actions had on E. K., as well as were told by E. K. multiple times.

104.   Forcefully detaining a child is both extreme and outrageous.

105.   Defendants' actions rose to the level of battery and gross negligence.

106.   Defendants' actions were knowingly undertaken to harm Plaintiff.

107.   At the least, Defendants' actions were gravely reckless.

108.   Defendants' actions proximately caused E. K. severe emotional distress and physical injuries.

109.   Due to the actions of the Defendants, Plaintiff has sought out intensive therapy to deal with the emotional trauma caused.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)     Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)     Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

## VI.    JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues stated in this action.


Dated: January 24, 2023                 Respectfully Submitted,



Keith Altman, Esq. (CBN. 257309)
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331

Telephone: (248) 987-8929
Email: keithaltman@kaltmanlaw.com
*Attorney for Plaintiffs*

## **VERIFICATION**

I, the undersigned, certify and declare that I have read the foregoing Complaint, and know its contents. I am the attorney for the Plaintiffs in this action. Such parties are absent from the county where I have my office and are unable to verify the document described above. For that reason, I am making this verification for and on behalf of the Plaintiffs. I am informed and believe on that ground allege the matters stated in said document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 24, 2023, at Farmington Hills, Michigan.

Keith Altman, Esq. (CBN. 257309)