Matthew Soleimanpour (SBN 248434)
matt@soleimanlaw.com
**SOLEIMAN APC**
5771 La Jolla Blvd., Ste. 4
La Jolla, CA 92037
Telephone: (909) 415-0018
Facsimile: (619) 489-6248

Attorneys for Defendants,
YUCAIPA-CALIMESA JOINT UNIFIED
SCHOOL DISTRICT, MICHAEL SIALANA, and
KEVIN LEWIS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER HADNOT as Natural Parent and *General Guardian* for D.D. her minor son<br><br>Plaintiffs,<br><br>v.<br><br>YUCAIPA-CALIMESA JOINT UNIFIED SCHOOL DISTRICT, in its official capacity, MICHAEL SIALANA, in his individual capacity, KEVIN LEWIS, in his individual capacity, and DOES 1-20, inclusive.<br><br>Defendants. | Case No.: 5:23-cv-00118 (SSS)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE**<br><br>Date:    June 9, 2023<br>Time:   2:00 pm<br>Dept.:   Courtroom 2, 2nd Floor<br>Judge:  Hon. Sunshine S. Sykes<br><br>Action filed: January 24, 2023<br>Trial date: Not yet set |

**Table of Contents**

I.   INTRODUCTION AND SUMMARY OF ARGUMENT .................................3
II.  STATEMENT OF FACTS .......................................................................4
III. ARGUMENT ........................................................................................5
  A. Plaintiff's Second, Third and Sixth Causes of Action are Fatally Uncertain and Ambiguous and Require More Definitive statements Pursuant to Federal Rule of Civil Procedure 12(e): ................................................................5
    1. Plaintiff's Second Cause of Action for Violation of Due Process is Vague and Ambiguous as to Which Defendants This Cause of Action Applies.............5
    2. Plaintiff's Third Cause of Action for Battery is Vague and Ambiguous as to Which Defendants This Cause of Action Applies.............................................7
    3. Plaintiff's Sixth Cause of Action for Intentional Infliction of Emotional Distress is Vague and Ambiguous and Appears to Reference a Different Case..8
  B. Plaintiff's Prayer for Punitive Damages as against the Yucaipa-Calimesa Joint Unified School District Is Impermissible and Should Be Stricken................9
IV. CONCLUSION ....................................................................................10

i
DEFENDANTS' NOTICE OF NOTICE OF MOTION AND MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE

**Table of Authorities**

**Cases**

*Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) .................................................................................................................. 5

*Austin v. Regents of University of California*, 89 Cal.App.3d 354 (1979) .............. 10

*Consumer Sols. REO, LLC v. Hillery*, 658 F.Supp.2d 1002, 1021 (N.D. Cal. 2009) ................................................................................................................................. 6,8

*Opperwall v. State Farm Fire & Cas. Co.*, 2018 WL 1243085, at *5 (N.D. Cal. Mar. 9, 2018) ............................................................................................................. 7

*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) .................. 9

*Warth v. Seldin*, 422 U.S. 490, 501-502 (1975) ....................................................... 5

**Statutes**

Civil Code § 3294 ............................................................................................. 1, 3, 10

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 6, 8

Fed. R. Civ. P. 12(e) .............................................................................................. 1, 5, 9

Fed. R. Civ. P. 12(f) ................................................................................................. 1, 9

Gov. Code, § 818 ..................................................................................................... 1, 10

Gov. Code, §820.8 ................................................................................................ 6, 7, 8

**Rules**

L.R. 7-3 ......................................................................................................................... 1

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on June 9, 2023, at 2:00 pm, or as soon thereafter as the matter may be heard before the Honorable Sunshine S. Sykes in Courtroom 2, Defendants Yucaipa-Calimesa Joint Unified School District (the "District"), Michael Sialana, and Kevin Lewis (collectively "Defendants") will and hereby does move the Court, pursuant to Fed. R. Civ. P. 12(e), for an order directing Plaintiff to file a more definite statement as to his second, third and sixth causes of action on the grounds that Defendants cannot frame a responsive pleading to second and third causes because it is uncertain which specific defendants are alleged to have violated the laws therein stated. Further, Defendants cannot frame a responsive pleading to the sixth cause of action because it is uncertain as to which case Plaintiff is referring to.

PLEASE TAKE FURTHER NOTICE that, at the time and place noted above, Defendants will also and hereby does move the Court, pursuant to Fed. R. Civ. P. 12(f), for an order striking any prayer for punitive damages against the District as a public entity is immune from punitive damages awarded under Civil Code § 3294 or other damages imposed primarily for the sake of example and by way of punishing the defendant. (Gov. Code, § 818).

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 21, 2023.

///
///
///
///
///
///
///
///

1  This motion is based upon this Notice, the accompanying Memorandum of
2  Points and Authorities, the pleadings and papers on file, and upon such further
3  evidence, both oral and documentary, as may be offered at the time of the hearing.

5  Date: April 27, 2023                    **SOLEIMAN, APC**

7                                          By:  */s/ Matthew Soleimanpour*
8                                               Matthew Soleimanpour
                                                Attorneys for Defendants
9                                               YUCAIPA-CALIMESA JOINT
                                                UNIFIED SCHOOL DISTRICT,
10                                              MICHAEL SIALANA, KEVIN
                                                LEWIS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff filed his original Complaint ("Complaint") against Defendants on or about January 24, 2023. Counsel for Defendants attempted to confer with Plaintiff on perceived defects with respect to Plaintiff's six causes of action; however, the Parties were unable to reach an understanding, necessitating this filing.

In Plaintiff's second cause of action, no specific allegations are made with respect to Defendant Kevin Lewis, nor has Plaintiff articulated to whom this specific cause of action applies. Rather, Plaintiff alleges that "[t]he actions of Defendants violated the provisions of 42 U.S.C. 1983…"; however, at this time, the allegations are improperly uncertain as to which Defendants Plaintiff is referring to. In Plaintiff's third cause of action once again alleges "Defendants knowingly acted with physical force that caused direct injury to Plaintiff;" however, at this time, the allegations are improperly uncertain as to which Defendants Plaintiff is referring to. Plaintiff's sixth cause of action identifies factual allegations from a different case and cites to a Texas education code. Therefore, the Court should order Plaintiff to resolve the ambiguity and specify which specific defendants are alleged to have violated the laws therein stated, and to refer to California education code, as well as identify the factual allegations for the case at hand.

Further, Plaintiff asserts a prayer for punitive damages against the District in all six of his causes of action. It is well-settled, however, that a public entity is immune from punitive damages under Civil Code § 3294.

For these reasons, and as further discussed below, Defendants brings this Motion For a More Definite Statement and Motion to Strike. Defendants request that the Court grant this Motion and order that all prayers for punitive damages against the District be stricken from all six of Plaintiff's causes of action, and also order Plaintiffs to clarify the vague allegations in the second, third and sixth causes of action.

## II. STATEMENT OF FACTS

This matter arises from allegations by minor Plaintiff D.D. of claims of emotional distress and personal injuries, following an August 24, 2022 incident in which Plaintiff was allegedly detained by a District's campus security officer, Michael Sialana ("Sialana") and subjected to a search of his belongings upon a belief of suspicious activity while a student at Yucaipa High School ("YHS"), a school within the Yucaipa-Calimesa Joint Unified School District ("District").

**Plaintiff's Allegations**

Plaintiff claims he was in a hallway at YHS with two of his friends prior to first bell on the date of the subject incident. At such time, Sialana came up behind the Plaintiff, grabbing him by his backpack and pulling him backwards. Plaintiff claims he immediately asked what he had done to have been grabbed to which Sialana allegedly responded, "when I call you come." Plaintiff claims that he had no dialogue with Sialana prior to this nor heard any of Sialana's commands prior to Sialana making contact with Plaintiff's backpack. Plaintiff then claims Sialana proceeded to pull him by his backpack to the security cart "some yards away." Plaintiff claims that during this time, Plaintiff sustained "pain in his arm, which was still in the loops of the backpack while being drug (sp) down the hallway."

Further, Plaintiff claims that once the security cart was reached, Sialana commanded Plaintiff to "sit down n****". Plaintiff's backpack was then allegedly removed from his person and placed in the security cart, as Plaintiff was transported to the administration office across campus. Plaintiff thereafter alleges that his backpack was searched, his shoes were removed and searched, and he was subjected to a pat down, where nothing was found; thereafter, Plaintiff was released back to his pending school period, with no immediate communication to his guardian, Heather Hadnot ("Hadnot").

Shortly thereafter, Plaintiff alleges he contacted his mother, Hadnot, later in the day, and Hadnot thereafter contacted school administration to obtain

information and rendering a complaint for not being contacted during the search or within close proximity of it occurring. Per Hadnot, a school administrator with whom she spoke, Defendant Kevin Lewis ("Lewis") stated that Plaintiff fit the description of a student alleged to have participated in illegal or improper activity, and therefore was searched under such suspicion. Plaintiff and his guardian claim all of the above were in violation of his civil rights, that he was assaulted improperly, and he sustained physical and emotional injuries.

### III.   ARGUMENT

**A.   Plaintiff's Second, Third and Sixth Causes of Action are Fatally Uncertain and Ambiguous and Require More Definitive statements Pursuant to Federal Rule of Civil Procedure 12(e):**

Under Federal Rule of Civil Procedure 12(e), the Court has broad discretion to order Plaintiffs to provide a more definite statement where the complaint is "so vague or ambiguous" that Defendants cannot reasonably be required to frame a responsive pleading. Fed. R. Civ. P. 12(e). Trial courts have broad discretion to require amendment of the complaint to provide additional detail. *Warth v. Seldin*, 422 U.S. 490, 501-502 (1975). An order for a more definite statement serves the Court's and the parties' interests because, "[u]nless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) (finding trial court should have instructed plaintiff's counsel to provide more definite statement).

    **1.   Plaintiff's Second Cause of Action for Violation of Due Process is Vague and Ambiguous as to Which Defendants This Cause of Action Applies**

Plaintiff has alleged he was denied his due process rights by virtue of the actions of Sialana, wherein it is alleged that Sialana "forcefully grabbed him by the

backpack," and due to Sialana "[failing] to inform D.D.'s mother of the incident throughout the school day." (See Complaint, ¶ 66). No other allegations are made as to any other Defendant other than those incorporated by reference. While Plaintiff has made general *respondeat superior* allegations within his Complaint (See Complaint ¶¶ 45 through 48, inclusive), no specific allegations are made with respect to Lewis, nor has Plaintiff articulated to whom this specific cause of action applies. Defendants may only venture to speculate that the cause of action *may* apply to all named Defendants, as Plaintiff later alleges that "[t]he actions of Defendants violated the provisions of 42 U.S.C. 1983 in that they knowingly and willfully violated the civil rights of Plaintiff"; however, at this time, the allegations are improperly uncertain as to which Defendants Plaintiff is referring to. (Complaint ¶¶ 69 through 71, inclusive.)

To the extent Plaintiff is alleging this cause of action applies to Lewis, which again is pure speculation at this time, Lewis would be entitled to qualified immunity for Sialana's alleged conduct and is therefore an improper party to this cause of action, if this was indeed what Plaintiff intended. As this court may be aware, per California law, a public employee such as Lewis, is not liable for an injury caused by the act or omission of another person, in this case, Sialana. (Gov. Code, §820.8). More specifically, Lewis cannot be held vicariously liable for Sialana's conduct, at least insofar as what has been vaguely alleged by the Plaintiff.

Such ambiguity in Plaintiff's allegations is improper, as Defendants cannot frame a responsive pleading if it is not clear or known to whom which cause of action applies, or whether they apply to all parties. Should the court be inclined to weigh this issue based on a Fed. R. Civ. P. 12(b)(6) standard with respect to whether sufficient allegations exist to sustain this cause of action as against Lewis, Defendants refer once again to Gov. Code, §820.8, as referenced above. (*Consumer Sols. REO, LLC v. Hillery*, 658 F.Supp.2d 1002, 1021 (N.D. Cal. 2009); see also *Opperwall v. State Farm Fire & Cas. Co.*, 2018 WL 1243085, at *5 (N.D. Cal.

Mar. 9, 2018): where a motion is in substance a Fed. R. Civ. P. 12(b)(6) motion, but is incorrectly designated, a court may convert the improperly designated motion and render a ruling per the Fed. R. Civ. P. 12(b)(6) standard.).

Such inclusive language as "Defendants" in denoting allegations and causes of action, without a prior definition as to whom the term "Defendants" refers, is vague and confusing, and prevents the Defendants in properly responding to the Complaint. Based on the above, Defendants respectfully request that the Court order the Plaintiff to clarify its ambiguous allegations and provide a more definite statement of to whom this cause of action applies. Finally, to the extent this cause of action applies to Lewis, it fails as a matter of law.

### 2. Plaintiff's Third Cause of Action for Battery is Vague and Ambiguous as to Which Defendants This Cause of Action Applies

Similarly, Plaintiff has alleged a battery cause of action, but only identifies Sialana as the party against whom physical contact is attributed (See Complaint ¶¶74 through 77, inclusive). While Plaintiff has made general *respondeat superior* allegations within his Complaint (See Complaint ¶¶ 45 through 48, inclusive), no specific allegations are made with respect to Lewis, nor has Plaintiff articulated to whom this specific cause of action applies. Defendants may only venture to speculate that the cause of action *may* apply to all named Defendants, as Plaintiff later alleges that "Defendants knowingly acted with physical force that caused direct injury to Plaintiff"; however, at this time, the allegations are improperly uncertain as to which Defendants Plaintiff is referring to. (Complaint ¶ 78).

To the extent Plaintiff is alleging this cause of action applies to Lewis, which again is pure speculation at this time, Lewis would be entitled to qualified immunity for Sialana's alleged conduct and is therefore an improper party to this cause of action if this was indeed what Plaintiff intended (Gov. Code, §820.8). Additionally, there are no allegations in the Complaint that identify any physical contact being

made by Lewis.  More specifically, Lewis cannot be held vicariously liable for Sialana's conduct, at least insofar as what has been vaguely alleged by the Plaintiff.

Such ambiguity in Plaintiff's allegations is improper, as Defendants cannot frame a responsive pleading if it is not clear or known to whom which cause of action applies, or whether they apply to all parties.  As noted previously, should the court be inclined to weigh this issue based on a Fed. R. Civ. P. 12(b)(6) standard with respect to whether sufficient allegations exist to sustain this cause of action as against Lewis, Defendants refer once again to Gov. Code, §820.8, as referenced above. (*Consumer Sols. REO, LLC,* 658 F.Supp.2d at 1021.)

Again, the term "Defendants" in denoting allegations and causes of action, without a prior definition as to whom the term "Defendants" refers, is vague and confusing, and prevents the Defendants in properly responding to the Complaint. Based on the above, Defendants respectfully request that the Court order the Plaintiff to remove ambiguity and provide a more definite statement of to whom this cause of action applies.  Finally, to the extent this cause of action applies to Lewis, it fails as a matter of law.

**3. Plaintiff's Sixth Cause of Action for Intentional Infliction of Emotional Distress is Vague and Ambiguous and Appears to Reference a Different Case**

Plaintiff's Sixth Cause of Action for Intentional Infliction of Emotional Distress is entirely vague, ambiguous and confusing in that it appears to allege claims from a different case. Specifically, the following allegations appear to have no relation to this instant action:

(a) Paragraph 98 of the Complaint identifies a Texas Education Code, whereas this matter is based in California (*Id.*);

(b) Paragraphs 101 and 102 of the Complaint reference unknown defendants "Young," "Wilhelm," and "Bryant" (*Id.*);

(c)     Paragraphs 100, 102, 103, and 108 of the Complaint reference a different Plaintiff, "E.K." (*Id.*);

(d)     Paragraph 104 of the Complaint references "forcefully detaining a child," whereas this allegation appears nowhere else in the pleadings (*Id.*);

Accordingly, it appears that Plaintiff has asserted this cause of action but identifies factual allegations from a different case. Defendants cannot reasonably respond to this vague and confusing cause of action, and respectfully requests that the Court order the Plaintiff to make more specific, applicable and definitive statements pursuant to Fed. R. Civ. P. 12(e), or remove this cause of action entirely due to its unintelligible nature.

**B.     Plaintiff's Prayer for Punitive Damages as against the Yucaipa-Calimesa Joint Unified School District Is Impermissible and Should Be Stricken**

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This provision allows the Court to dispense with spurious issues prior to trial to prevent waste of the Court's time and resources. See *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). ("[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial….").

Here, each cause of action Plaintiff has alleged includes a prayer for punitive damages as against "Defendants"; however, once again, due to Plaintiff's ambiguous use of the term "Defendant," it is unclear whether this term would also include the District. Specifically, within paragraphs 58, 71, 81, 91 and 96 of the Complaint, Plaintiff requests "punitive damages in amounts to be determined at trial and as are allowed under the statute."

Per the Government Code and related case authority, California public entities, such as the District are immune from punitive damages awarded under Civil Code § 3294, or other damages imposed primarily for the sake of example and by way of punishing the defendant (i.e., exemplary damages). (Gov. Code, § 818; *Austin v. Regents of University of California*, 89 Cal.App.3d 354 (1979)).

Accordingly, with respect to the District specifically, Plaintiff's prayer for punitive damages should be stricken, as such damages are impermissible as a matter of law as against the District.

## IV.   CONCLUSION

For all of the foregoing reasons, Defendants respectfully requests that the Court grant its Motion For a More Definite Statement and Motion to Strike, and order Plaintiffs to clarify the vague allegations in the second, third and sixth causes of action and also order that all prayers for punitive damages against the District be stricken from all six of Plaintiff's causes of action.

Date: April 27, 2023                                       SOLEIMAN, APC


By:  */s/ Matthew Soleimanpour*
       Matthew Soleimanpour
       Attorneys for Defendants
       YUCAIPA-CALIMESA JOINT
       UNIFIED SCHOOL DISTRICT,
       MICHAEL SIALANA, KEVIN
       LEWIS