Matthew Soleimanpour (SBN 248434)
matt@soleimanlaw.com
**SOLEIMAN APC**
5771 La Jolla Blvd., Ste. 4
La Jolla, CA 92037
Telephone: (909) 415-0018
Facsimile: (619) 489-6248

Attorneys for Defendants,
YUCAIPA-CALIMESA JOINT UNIFIED
SCHOOL DISTRICT, MICHAEL SIALANA, and
KEVIN LEWIS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER HADNOT as Natural Parent and *General Guardian* for D.D. her minor son | Case No.: 5:23-cv-00118-SSS (SHKx) |
| Plaintiffs, | **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| YUCAIPA-CALIMESA JOINT UNIFIED SCHOOL DISTRICT, in its official capacity, MICHAEL SIALANA, in his individual capacity, KEVIN LEWIS, in his individual capacity, and DOES 1-20, inclusive. | |
| Defendants. | Action filed: January 24, 2023<br>Trial date: Not yet set |

Defendants YUCAIPA-CALIMESA JOINT UNIFIED, SCHOOL DISTRICT (the "District"), MICHAEL SIALANA ("Sialana"), and KEVIN LEWIS ("Lewis") (collectively "Defendants"), by and through their attorneys, responds to the First Amended Complaint ("FAC") filed by Plaintiff Heather Hadnot as Natural Parent and General Guardian for D.D. her minor son ("Plaintiff") as follows:

## RESPONSE TO INTRODUCTION

Defendants are without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, on that basis, denies each and every such allegation.

## RESPONSE TO PARTIES

1. Defendants admit the allegations in Paragraph 1.

2. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 2, and therefore deny those allegations on that basis.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants admit the allegations in Paragraph 4.

5. Defendants admit the allegations in Paragraph 5.

6. Defendant lacks sufficient information to admit or deny the allegations in paragraph 6, and therefore denies on that basis.

## RESPONSE TO JURISDICTION AND VENUE

7. Denied in part; admitted in part. Paragraph 7 contains conclusions of law to which no response is required. Defendant admits, however, that this Court has jurisdiction over the subject matter of this Complaint.

8. Defendants admit the allegations in Paragraph 8.

9. Defendants admit the allegations in Paragraph 9.

10. Paragraph 10 contains legal conclusions, arguments, and characterizations to which no response is required.

11. Defendants admit the allegations in Paragraph 11.

## RESPONSE TO FACTUAL ALLEGATIONS

12.     Defendants admit the allegations in Paragraph 12.

13.     Paragraph 13 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 13.

14.     Paragraph 14 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 14, and therefore deny those allegations on that basis.

15.     Defendants admit in part and deny in part; Defendant District has a non-discrimination policy, and did so during all relevant times alleged in this Complaint; however, Plaintiff's allegations are vague and ambiguous with respect to time and source, and therefore Defendants are unable to admit or deny the veracity of Plaintiff's direct quotation at this time.

16.     Paragraph 16 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants denies the allegations.

17.     Paragraph 17 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 17, and therefore deny those allegations on that basis.

18.     Defendants admit that Sialana approached Plaintiff.  The remainder of Paragraph 18 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 18, and therefore denies those allegations on that basis.

19.     Defendants admit that Sialana made contact with Plaintiff's backpack, but denies the characterization of such contact alleged within Paragraph 19.  The

remainder of Paragraph 19 contains legal conclusions, arguments, and characterizations to which no response is required.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 19.

20.    Paragraph 20 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 20, and therefore deny those allegations on that basis.

21.    Paragraph 21 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 21, and therefore deny those allegations on that basis.

22.    Paragraph 22 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 22, and therefore deny those allegations on that basis.

23.    Paragraph 23 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 23, and therefore deny those allegations on that basis.

24.    Paragraph 24 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 24, and therefore deny those allegations on that basis.

25.    Paragraph 25 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 25, and therefore deny those allegations on that basis.

26. Paragraph 26 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 26, and therefore deny those allegations on that basis.

27. Paragraph 27 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 27, and therefore deny those allegations on that basis.

28. Paragraph 28 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required to the remainder of allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 28, and therefore deny those allegations on that basis.

29. Paragraph 29 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 29, and therefore deny those allegations on that basis.

30. Defendants admit that Plaintiff's backpack was searched at the office of Lewis. The remainder of Paragraph 30 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 30, and therefore deny those allegations on that basis.

31. Paragraph 31 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 31, and therefore deny those allegations on that basis.

32. Paragraph 32 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 32.

33. Paragraph 33 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 33, and therefore deny those allegations on that basis.

34. Paragraph 34 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 34, and therefore deny those allegations on that basis.

35. Paragraph 35 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 35, and therefore deny those allegations on that basis.

36. Defendants admit that Hadnot was informed why Plaintiff was lawfully searched. The remainder of Paragraph 36 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 36, and therefore deny those allegations on that basis.

37. Paragraph 37 contains legal conclusions, arguments, and characterizations to which no response is required. Defendants deny that Hadnot was not provided with a reason why Plaintiff was lawfully searched. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 37, and therefore deny those allegations on that basis.

38.     Paragraph 38 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 38, and therefore deny those allegations on that basis.

39.     Paragraph 39 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 39, and therefore deny those allegations on that basis.

40.     Paragraph 40 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 40, and therefore deny those allegations on that basis.

41.     Paragraph 41 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 41, and therefore deny those allegations on that basis.

42.     Paragraph 42 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 42, and therefore deny those allegations on that basis.

43.     Defendants admit that Plaintiff transferred schools.  The remainder of Paragraph 43 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 43, and therefore deny those allegations on that basis.

44.     Defendants admit the allegations in Paragraph 44.

///

///

## **RESPONSE TO RESPONDAET SUPERIOR AND AGENCY**

45.     Defendants hereby incorporate and reference their responses to each corresponding paragraph as though set forth fully herein.

46.     Defendants admit the allegations in Paragraph 46.

47.     Defendants admit the allegations in Paragraph 47.

48.     Defendants admit that each individual Defendant is aware of the exact role that each individual Defendant played in the events that are the subject of the lawsuit.  The remainder of Paragraph 48 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 48, and therefore deny those allegations on that basis.

## **RESPONSES TO CAUSES OF ACTION**

## **COUNT ONE – RACIAL DISCRIMINATION UNDER TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**

### **(As to All Defendants)**

49.     Defendants hereby incorporate and reference their responses to each corresponding paragraph as though set forth fully herein.

50.     Paragraph 50 summarizes federal law to which no response is required.

51.     Defendants admit that the District is a California public school, but the timing and extent of federal funding is unknown given the vagaries of the period(s) of time of the allegations in Paragraph 51.

52.     Paragraph 52 contains legal conclusions, arguments, and characterizations to which no response is required; to the extent a response is required, the allegations are denied.

53.     Paragraph 53 contains legal conclusions, arguments, and characterizations to which no response is required; to the extent a response is required, the allegations are denied.

54.     Paragraph 54 is admitted by Defendants.

55.   Paragraph 55 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 55.

56.   Paragraph 56 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 56.

57.   Paragraph 57 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57.

58.   Paragraph 58 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations of unlawful discrimination and Defendants lack sufficient knowledge or information to admit or deny the remainder of allegations in Paragraph 58, and therefore denies those allegations on that basis. Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause that follows, including subparts (a) through (d).

**COUNT TWO – VIOLATION OF DUE PROCESS UNDER 42 U.S.C. § 1983**

**(As to the Individual Defendants)**

59.   Defendants hereby incorporate and reference their responses to each corresponding paragraph as though set forth fully herein.

60.   Paragraph 60 contains legal conclusions, arguments, and characterizations to which no response is required; to the extent a response is required, the allegations are denied.

61.   Paragraph 61 contains legal conclusions, arguments, and characterizations to which no response is required; to the extent a response is required, the allegations are denied.

62.     Paragraph 62 contains legal conclusions, arguments, and characterizations to which no response is required; the phrase "physical abuse," is vague and ambiguous within the context of this action such that the Defendants cannot reasonably respond, and therefore deny any such abuse specific to the Plaintiff by the Defendants based on a lack of information.

63.     Paragraph 63 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63.

64.     Paragraph 64 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants admit that the individual Defendants are school employees acting within the course and scope of their employment with the District during times alleged in the Complaint, and that the District is a California Public School entity.

65.     Paragraph 65 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations.

66.     Paragraph 66 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 66.

67.     Paragraph 67 is vague and ambiguous with respect to allegations of the Plaintiff's "property interest"; however, Defendants admit that the Plaintiff is entitled to a free and appropriate public education.

68.     Paragraph 68 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations.

69.     Paragraph 69 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is

required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 69, and therefore denies those allegations on that basis.

70.     Paragraph 70 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 70, and therefore denies those allegations on that basis.

71.     Paragraph 71 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 71.  Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause that follows, including subparts (a) through (d).

## COUNT THREE – BATTERY

### (As to All Defendants)

72.     Defendants hereby incorporate and reference their responses to each corresponding paragraph as though set forth fully herein.

73.     Paragraph 73 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 73.

74.     Paragraph 74 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 74.

75.     Paragraph 75 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 75.

76.     Paragraph 76 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 76.

77.     Paragraph 77 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 77.

78.     Paragraph 78 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 78.

79.     Paragraph 79 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 79, and therefore denies those allegations on that basis.

80.     Paragraph 80 is a restatement of allegations and as a result, Defendants similarly restate its respective responses.

81.     Paragraph 81 is a restatement of an excerpt of the California Constitution, and to which no response is required; to the extent a response is required, Defendants' admit this is a reference to the California Constitution.

82.     Paragraph 82 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 82, and therefore denies those allegations on that basis. Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause that follows, including subparts (a) through (d).

## COUNT FOUR – FALSE IMPRISONMENT
### (As to All Defendants)

83.     Paragraph 83 contains legal conclusions, arguments, and characterizations to which no response is required; to the extent a response is required, Defendants admit that the Cal. Education Code cited herein sets forth

duties of public school teachers, but otherwise denies Plaintiff's editorialization of such duties.

84.     Paragraph 84 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84.

85.     Paragraph 85 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85.

86.     Paragraph 86 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 86.

87.     Paragraph 87 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in  Paragraph 87.

88.     Paragraph 88 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 88, and therefore denies those allegations on that basis.

89.     Paragraph 89 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 89.

90.     Defendants admit that Sialana and Lewis are not law enforcement officers.  The remainder of Paragraph 90 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the remainder of the allegations in Paragraph 90.

91.     Paragraph 91 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is

required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 91, and therefore denies those allegations on that basis.

92.     Paragraph 92 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 92, and therefore denies those allegations on that basis. Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause that follows, including subparts (a) through (d).

## COUNT FIVE – NEGLIGENCE
### (As to All Defendants)

93.     Defendants hereby incorporate and reference their responses to each corresponding paragraph as though set forth fully herein.

94.     Paragraph 94 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants similarly are unable to respond to the standard of care set forth by Plaintiff on account it is vague and ambiguous.

95.     Paragraph 95 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants similarly are unable to respond to the standard of care set forth by Plaintiff on account it is vague and ambiguous.

96.     Paragraph 96 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants similarly are unable to respond to the standard of care set forth by Plaintiff on account it is vague and ambiguous.

97.     Paragraph   97   contains   legal   conclusions,   arguments,   and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 97, and therefore denies those allegations on that basis.

98.     Paragraph   98   contains   legal   conclusions,   arguments,   and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 98, and therefore denies those allegations on that basis.

99.     Paragraph   99   contains   legal   conclusions,   arguments,   and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 99, and therefore denies those allegations on that basis. Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause that follows, including subparts (a) through (d).

## COUNT SIX – GROSS NEGLIGENCE
### (As to All Defendants)

100.   Defendants hereby incorporate and reference their responses to each corresponding paragraph as though set forth fully herein.

101.   Defendants generally admit paragraph 101 with respect to duties of care owed to students, but also subject to adjudicated findings with respect to such duties dependent on the facts and circumstances; to the extent Plaintiff has implied he has suffered any of the allegations described therein, Defendants deny such allegations.

102. Paragraph   102   contains   legal   conclusions,   arguments,   and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants similarly are unable to

respond to the standard of care set forth by Plaintiff on account it is vague and ambiguous.

103. Paragraph 103 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants similarly are unable to respond to the standard of care set forth by Plaintiff on account it is vague and ambiguous.

104. Paragraph 104 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants similarly are unable to respond to the standard of care set forth by Plaintiff on account it is vague and ambiguous.

105. Paragraph 105 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 105, and therefore denies those allegations on that basis.

106. Paragraph 106 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 106.

107. Paragraph 107 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 107.

108. Paragraph 108 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 108, and therefore denies those allegations on that basis. Defendant denies that Plaintiff is entitled to any of the relief requested in the

unnumbered "WHEREFORE" clause that follows, including subparts (a) through (d).

## COUNT SEVEN – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (As to All Defendants)

109.   Defendants hereby incorporate and reference their responses to each corresponding paragraph as though set forth fully herein.

110.   Paragraph 110 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 110.

111.   Paragraph 111 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 111.

112.   Paragraph 112 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 112.

113.   Paragraph 113 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 113.

114.   Paragraph 114 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 114.

115.   Paragraph 115 contains legal conclusions, arguments, and characterizations to which no response is required.

116.   Paragraph 116 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 116.

117. Paragraph 117 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 117.

118. Paragraph 118 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 118.

119. Paragraph 119 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 119, and therefore denies those allegations on that basis.

120. Paragraph 120 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 120, and therefore denies those allegations on that basis. Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause that follows, including subparts (a) through (d).

## **AFFIRMATIVE DEFENSES**

Defendants hereby plead the following separate and additional defenses to the FAC. By alleging the separate and additional defenses set forth below, Defendants intend no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity.  Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.  Without limiting or waiving any defenses available to it, and based on information and belief unless otherwise stated, Defendants allege as follows:

///

///

**FIRST AFFIRMATIVE DEFENSE**

**(*Failure to State a Claim*)**

The FAC, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(*Sovereign Immunity*)**

The FAC, in whole or in part, fails because Defendants are entitled to sovereign immunity under the Eleventh Amendment.

**THIRD AFFIRMATIVE DEFENSE**

**(*Discretionary Act Immunity*)**

The FAC, in whole or in part, fails because Defendant is entitled to discretionary act immunity under California Government Code section 820.2.

**FOURTH AFFIRMATIVE DEFENSE**

**(*No Vicarious Liability*)**

The FAC, in whole or in part, fails because Defendants are not vicariously liable under California Government Code sections 815.2 and/or 820.8.

**FIFTH AFFIRMATIVE DEFENSE**

**(*No Violation Of A Legal Duty*)**

The FAC is barred, in whole or in part, because Defendants did not violate any legal duty owed to Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

**(*Good Faith*)**

The FAC, in whole or in part, is barred because Defendants undertook any challenged acts or omissions, in part or in total, in good faith and in conformity with applicable orders, rulings, regulations, and/or interpretations.

**SEVENTH AFFIRMATIVE DEFENSE**

**(*Waiver*)**

The FAC is barred, in whole or in part, by the doctrine of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

(*Laches*)

The FAC is barred, in whole or in part, by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

(*Unclean Hands*)

The FAC is barred, in whole or in part, by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

(*Impossibility by Operation of Law*)

The FAC is barred, in whole or in part, by the doctrine of impossibility of performance by operation of law.

**ELEVENTH AFFIRMATIVE DEFENSE**

(*Statutes of Limitations*)

The FAC is barred, in whole or in part, by applicable statutes of limitation.

**TWELFTH AFFIRMATIVE DEFENSE**

(*No Standing*)

The FAC is barred because Plaintiff lacks standing.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(*Mootness*)

The FAC is barred, in whole or in part, because some or all of the allegations or claims in the FAC are moot.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(*Unjust Enrichment*)

Any recovery by Plaintiff on the FAC against Defendants would be unfair and would constitute unjust enrichment.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(*Estoppel*)

The FAC is barred, in whole or in part, by the doctrine of estoppel.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(*Acquiescence*)

The FAC is barred, in whole or in part, by the doctrine of acquiescence.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(*Conduct Not Wrongful*)

The FAC is barred, in whole or in part, because Defendants' conduct was not wrongful or otherwise unlawful.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(*Superseding and Intervening Acts*)

Any damage allegedly sustained by Plaintiff was caused, in whole or in part, by the superseding and intervening acts and omissions of persons or entities for whose conduct Defendants are not responsible.

**NINETEENTH AFFIRMATIVE DEFENSE**

(*After-Acquired Evidence*)

The FAC is barred, in whole or in part, by the doctrine of after-acquired evidence.

**TWENTIETH AFFIRMATIVE DEFENSE**

(*No Causation*)

The FAC is barred, in whole or in part, because Plaintiff's damages, if any, were not caused by Defendants.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(*No Damages*)

Without admitting that the FAC states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Defendants in the FAC, and the relief prayed for in the FAC therefore cannot be granted.

///

///

///

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(*Avoidable Consequences*)**

The FAC is barred, in whole or in part, by the doctrine of avoidable consequences.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(*Absence of Malice*)**

Any acts or omissions by Defendants, if any, were not the result of oppression, fraud, or malice.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(*No Deprivation of Constitutional Rights*)**

Defendants were not the proximate cause of the Plaintiff's alleged deprivation of a constitutionally protected right, privilege, or immunity.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(*Qualified Immunity*)**

Defendants are entitled to qualified immunity.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(*Execution of a Public Duty*)**

Defendants, and each of them were acting under public duty based on rights bestowed upon them.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(*Assumption of Risk*)**

Plaintiff assumed the risk of or took action himself that created risk of any harm sustained.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(*No Punitive/Exemplary Damages*)**

Punitive damages are improper as to the Defendants, and each of them, either by reason of law or fact.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (*Contrary to Public Policy*)

Any liability or damages finding as to the Defendants, and each of them, would be contrary to public policy and therefore should be disallowed.

## THIRTIETH AFFIRMATIVE DEFENSE

### (*Failure to Mitigate Damages*)

Defendants are entitled to relief for Plaintiff's failure to mitigate his damages, if any.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve the right to add, delete, or modify any and all defenses which may pertain to the FAC that are now or may become available in this action through clarification or amendment of the FAC, through discovery, through further legal analysis of Plaintiff's or Defendants' claims and positions in this litigation, or otherwise.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays that judgment be entered as follows:

A.      Plaintiff take nothing by reason of their FAC;

B.      The FAC be dismissed with prejudice;

C.      Defendants recover their costs of suit, including attorneys' fees; and

D.      Defendants be awarded such other and further relief as the Court deems just and proper.

Date: June 1, 2023                          **SOLEIMAN, APC**


                                            By:   */s/ Matthew Soleimanpour*
                                            Matthew Soleimanpour
                                            Attorneys for Defendants
                                            YUCAIPA-CALIMESA JOINT
                                            UNIFIED SCHOOL DISTRICT,
                                            MICHAEL SIALANA, KEVIN
                                            LEWIS

1

## PROOF OF SERVICE

2

3          I am employed in the County of San Diego, State of California.  I am over
the age of eighteen years and not a party to or interested in the within entitled
4    cause.  My business address is 5771 La Jolla Blvd., Ste. 4, La Jolla, CA 92037.

5          On **June 1, 2023**, I electronically filed **DEFENDANTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the United
6    States District Court for the Central District of California, using the CM/ECF
7    System. The Court's CM/ECF System will send an email notification of the
foregoing filing to the following parties and counsel of record who are registered
8    with the Court's CM/ECF System:

9

10   Keith Altman, Esq.                             ***Attorney for Plaintiff***
11   THE LAW OFFICE OF KEITH ALTMAN
12   33228 West 12 Mile Road, Suite 375             HEATHER HADNOT as
Farmington Hills, Michigan 48331               Natural Parent and General
13   Telephone: (248) 987-8929                     Guardian for D.D. her
14   Email: keithaltman@kaltmanlaw.com             minor son

15

16
  **✓**   **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**
17          In accordance with the electronic filing procedures of this Court, service
18          has been effected on the aforesaid party(s) above, whose counsel of record
            is a registered participant of CM/ECF, via electronic service through the
19          CM/ECF system.

20
            I declare under penalty of perjury, under the laws of the State of California,
21   that the foregoing is true and correct.  Executed on **June 1, 2023**, at La Jolla,
22   California.

23

24
        _____ANGIE PARISI_____            _____*/s/ Angie Parisi*_____
25

26

27

28